# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONTE INGRAM, JR. #550-827 | * |
| Plaintiff | * |
| | * |
| v. | * Civil Action Case No. WDQ-11-689 |
| | * |
| WARDEN | * |
| Defendant | * |

## MEMORANDUM

This is Monte Ingram's eleventh prisoner civil rights action in this court since March of 2010. One case is currently proceeding. *See Ingram v. Aranout*, et al., Civil Action WDQ-10-3160. As has been explained previously to Ingram, the litigation he is filing has become vexatious and places a burden upon this Court which is unfair to the numerous other *pro se* litigants with whom this Court must share its time. "[F]ederal courts have the power and the obligation to protect themselves from abusive filing of frivolous and repetitive claims." *McMahon v. F.M. Bank-Winchester*, 45 F.3d 426, 1994 WL 719695 (4th Cir. Dec. 30, 1994) (unpublished) (*per curiam*), *cf. Procup v. Strickland*, 792 F.2d 1069, 1070-71 (11th Cir. 1986) (*en banc*). While this Court shall not foreclose or enjoin Ingram from initiating an action, it will limit the number of active cases filed by Ingram to ensure that court process is available to him, without taxing the time and resources of the court or hindering the Court from fulfilling its constitutional duty.

This case has been reviewed and shall be administratively closed. Future complaints filed by Ingram shall be given an initial review by the court to ascertain whether immediate attention is required. If immediate attention is necessary, the court will order the Clerk to place the case on the Court's active-assigned docket. If immediate action is not warranted, the Court will order the case administratively closed. Cases in this posture will be filed, one at a time, on the Court's active

docket at such time as the total number of Ingram's active cases decrease to zero. Cases will be docketed in the order of submission, unless on the active-assigned docket.[1]

At the time a case is administratively closed, the Defendant[s] shall receive a copy of the Complaint from the Clerk and notice that the suit is administratively closed. The Defendant[s] shall also be notified when the suit is placed on the active docket. Furthermore, given the frequency of personnel changes within the state correctional system, Defendant[s], through the Office of the Attorney General, may in the future contact this court regarding any development which would impact on the ability of this court to effectuate future service of process on the Defendant[s] listed in an administratively closed case. A separate Order follows.

March 31, 2011                                                          /s/
Date                                                          William D. Quarles, Jr.
                                                              United States District Judge

---

[1] This essentially is the procedure approved by the Fourth Circuit in *In Re Mahler*, No. 80-1887 (4th Cir. Feb. 19, 1981) (unpublished). A similar pre-filing review order was approved by this Circuit in *Woltz v. Sellman, et al.*, 51 F.3d 270, 1995 WL 146285 (4th Cir. April 5, 1995) (unpublished)(*per curiam*).